## GEORGE PENDLETON *v.* EDWARD S. ROWE AND ADELADE A. ROWE.

STATUTE OF LIMITATIONS.—A note payable six months after date, with interest payable monthly in advance, contained the following clause : " In case the said interest, or any portion thereof, should become due, and remain unpaid after demand, then the mortgage given by me, of even date herewith, which is given

to secure the payment of this note, may be foreclosed," etc., and the mortgage contained a provision by which the mortgagee was " empowered to foreclose said mortgage, according to the provisions in said note contained :" *held*, that the *prompt* payment of the interest on demand when it fell due, did not, under these clauses in the note and mortgage, prolong the time of payment beyond the time specified in the note, and that a cause of action accrued upon the note and to foreclose the mortgage, immediately upon the expiration of the six months, although there had been no default in the payment of interest ; *held, further,* that an action not commenced within four years after the expiration of six months from the date of the note, is barred by the Statute of Limitations.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action, commenced May 26th, 1865, to foreclose a mortgage, executed and delivered November 25th, 1854, by defendant Edward S. Rowe, to plaintiff, of certain real property in the City and County of San Francisco, to secure the payment of the certain promissory note, according to its terms, which is recited in the opinion of this Court.

The complaint alleged that two hundred dollars of the principal of the note was paid November 18th, 1856, with the interest until then accrued on the note. That, at the request of defendant Edward S. Rowe, the rate of interest on the note was reduced to the rate of two per cent per month. That this was done August 25th, 1856, from which time the monthly interest was regularly paid by said Edward S. Rowe to September 25th, 1864, since which time payment had been refused of both principal and interest, although often demanded. That defendant Adelade A. Rowe had or claimed to have some interest in the mortgaged property, which was, however, subsequent and subordinate to the lien of plaintiff's mortgage thereon.

The defendants demurred generally on the ground that the complaint did not state facts sufficient to constitute a cause of action, and specially, that it appeared on the face of the complaint that the cause of action therein declared on had been barred by the Statute of Limitations before the commencement of said action. The demurrer was sustained by the

Court, and the plaintiff declining to amend his complaint, judgment final was rendered for the defendants. The plaintiff appealed.

*Edward Tompkins*, for Appellant, argued that the statute did not begin to run against the mortgage until the refusal of payment of interest on the note, which was September 25th, 1864. This argument was based on the language of the note, to wit: " In case. *the said interest*, or any portion thereof, should become due and remain unpaid *after demand*, THEN *the mortgage given by me*, of even date herewith * * * *may be foreclosed,*" etc.; also, that the mortgage, by its terms, was only to be foreclosed " *according to the provision in said note contained.*" He further argued, that the fact of the note being barred by the statute in no way affected the right of action upon the mortgage; citing 2 Parson Cont. 379; Pars. Mer. L. 260; 1 Wash. on Real Property, 606; 1 Hil. on R. P. 433, Sec. 18; *Bank of Metropolis* v. *Gullschlick*, 14 Pet. 32; *Barron* v. *Kennedy*, 17 Cal. 577.

*Elisha Cook*, for Respondents, argued that the provisions of the note and mortgage, relied on by appellant, were designed, and only had the effect, of giving the mortgagee the right to foreclose at any time before the expiration of the six months, in case of *default* in paying interest *as stipulated*, after *demand;* that the right of action on the mortgage did not survive the bar of the note by the statute; and cited . *Cunningham* v. *Hawkins*, 24 Cal. 403.

By the Court, SAWYER, J.:

The note is in the following words:

"SAN FRANCISCO, CAL., November 25th, 1854.
" $1,200.
" Six months after date I promise to pay to George Pendleton, or order, twelve hundred dollars for value received,

with interest at the rate of three per cent per month, payable monthly in advance; and in case the said interest or any portion thereof should become due and remain unpaid after demand, then the mortgage given by me of even date herewith, which is given to secure the payment of this note, may be foreclosed and the property therein described be sold, and the costs and expenses thereof, with the debt and interest due thereon being first deducted, the balance, if any, shall be paid over to me or to my order.

" EDWARD S. ROWE.

" Witness : THOS. C. HAMBLY."

By the covenants and conditions of the mortgage on default, the mortgagee " was empowered to foreclose said mortgage, according to the provisions in said note contained." There can be no doubt that the principal and interest all became due six months after the date of the note. It is all in express terms, payable six months after date. After naming the date of payment, a clause is added expressly authorizing a foreclosure, even before the maturity of the note, on failure to pay the interest monthly in advance after demand. This, in effect, shortened, instead of prolonged, the time of payment of the whole note on failure to pay the interest regularly. There can be no doubt that, at the expiration of six months from the date of the note, the payee and mortgagee could have maintained an action to recover the amount due and foreclose the mortgage, even though the interest had all been regularly paid. The cause of action, then, accrued in May, 1855, and was long since barred. The other facts averred are insufficient to take the case out of the statute. The demurrer was properly sustained.

Judgment affirmed.